# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY WASSERMAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.: 18-cv-3754 |
| FAULKNER CADILLAC, INC., | : | |
| Defendant. | : | |

## MEMORANDUM

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                  November 22, 2019

Presently before the Court is a Motion for Contempt filed by Plaintiff Jay Wasserman. As set forth below, and pursuant to 28 U.S.C. § 636(e)(6)(B), this Court certifies the facts setting out a *prima facie* case of Civil Contempt, and orders Nicole Lore to appear before the Honorable C. Darnell Jones II for a hearing to show cause why she should not be held in contempt.

## I.    PROCEDURAL HISTORY

On September 4, 2018, Plaintiff Jay Wasserman ("Plaintiff") filed the instant Complaint against Defendant Faulkner Cadillac, Inc. ("Defendant"), alleging Defendant unlawfully discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA"), and Pennsylvania Human Relations Act ("PHRA"). (Pl.'s Compl., ECF No. 1, ¶¶ 22-28). Defendant filed its Answer, contending it did not unlawfully discriminate against Plaintiff. (Def.'s Answer, ECF No. 6, ¶¶ 22-28).

Of relevance to the instant motion, the Honorable C. Darnell Jones II ordered fact discovery to conclude on or before March 29, 2019. (Order, ECF No. 14). A deposition of third-party witness Nicole Lore was scheduled for March 25, 2019. (Mot. Compel, Ex. 3,

Subpoena, ECF No. 17-3). Lore was unable to appear due to medical complications. (*Id.* at Ex. 5, ECF No. 17-5). On March 28, 2019, Plaintiff filed a motion under Federal Rule of Civil Procedure 45 seeking an order compelling Lore to comply with the subpoena and attend the deposition. (Mot. Compel, ECF No. 17). The Honorable C. Darnell Jones II referred Plaintiff's Motion to me. (Order, ECF No. 20). By Order dated April 30, 2019, I granted the Motion and ordered Lore appear for deposition at 11:00 a.m. on May 23, 2019, at 230 South Broad Street, Suite 1303, Philadelphia, PA. (Order, ECF No. 21). I also noted "[f]ailure to comply with this Order may result in the imposition of appropriate sanctions on Ms. Lore, upon appropriate application." (*Id.*).

The April 30, 2019 Court Order was personally served upon Lore at her home address on May 3, 2019. (Mot., Contempt, Ex. 4, Aff. Service, ECF No. 23-4). Lore did not appear for the deposition, and has not otherwise contacted counsel to reschedule the deposition. (Mot. Contempt, Mem. Law, ECF No. 23-1, at 1). Accordingly, Plaintiff filed the instant Motion requesting the Court issue an Order holding Lore in contempt for failing to comply with the April 30, 2019 Order. (*Id.* at 2). The Honorable C. Darnell Jones II referred this matter to me. (Order, ECF No. 24).

**II.    LEGAL STANDARD**

"Magistrate judges are granted contempt authority by statute." *Wallace v. Kmart Corp.*, 687 F.3d 86, 90 (3d Cir. 2012) (citing 28 U.S.C. § 636(e)). The statute provides that, except where a Magistrate Judge exercises consent jurisdiction in civil cases under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3041, the Magistrate Judge may not enter an

order of civil contempt. Instead, Section 636(e)(6)(B) sets forth the applicable authority and procedure:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

28 U.S.C. § 636(e)(6)(B).

The Third Circuit has explained "'under the statute, the magistrate judge's certification of facts seems designed to serve function of a charging instrument or pleading for a trial to be held before the district judge.'" *Wallace*, 687 F.3d at 90 (quoting *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992)). Once the facts are certified, "[t]he statute clearly specifies that the order to show cause shall require the alleged contemnor to appear before a judge of the district court, who hears the evidence . . . and decides whether to impose punishment." *Taberer*, 954 F.2d at 903.

## III. DISCUSSION

Plaintiff has requested that Lore be held in Civil Contempt for failing to comply with the April 30, 2019 Order requiring her to appear for deposition. (Mot., ECF No. 23). "Proof of contempt requires a movant to demonstrate '(1) that a valid order of the court existed; (2) that the [individual] had knowledge of the order; and (3) that the [individual] disobeyed the order.'" *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009)).

Plaintiff has demonstrated a *prima facie* case of Civil Contempt. Accordingly, I certify the following facts:

1. On April 30, 2019, the Court entered an Order granting Plaintiff's Motion to Compel Appearance at Deposition and ordered Nicole Lore to appear for deposition at 11:00 a.m., on May 23, 2019, at 230 South Broad Street, Suite 1303, Philadelphia, PA.

2. On May 3, 2019, the April 30, 2019 Court Order was personally served upon Lore received at her home address. Lore knew she was ordered to appear for the May 23, 2019 deposition and risked sanctions for failing to comply.

3. Lore disobeyed the April 30, 2019 Court Order and did not appear for the May 23, 2019 deposition.

**IV. CONCLUSION**

For the foregoing reasons, this Court finds Plaintiff has established a *prima facie* case of Civil Contempt against Nicole Lore for failing to comply with the April 30, 2019 Court Order requiring her to appear for deposition. Accordingly, pursuant to 28 U.S.C. § 636(e)(6)(B), this Court certifies the facts constituting a *prima facie* case of Civil Contempt and orders Nicole Lore to appear before the Honorable C. Darnell Jones II for a hearing to show cause why she should not be held in contempt.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge